TIMOTHY COURCHAINE
United States Attorney
District of Arizona

BRIAN E. KASPRZYK
Assistant U.S. Attorney
Pennsylvania State Bar No. 082701
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004-4408
Telephone:  602-514-7500
Email: brian.kasprzyk@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-50159-PHX-DLR |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S DISPOSITION MEMORANDUM** |
| vs. | |
| Ibrahim Al-Amreeki, | |
| Defendant. | |

Defendant is before the Court for his second violation of the terms of his supervised release.  He admitted to violating Standard Condition Two when he failed to report to the probation office as directed on or about November 26, 2024.  Neither Probation nor Defendant are advocating for an additional term of supervision in this case and the United States begrudgingly agrees that further supervision in this case would be a waste of time and resources.  For the reasons that follow, the United States respectfully recommends a sentence of twelve months and one day in custody with no supervision to follow is a sufficient, but not greater than necessary, sanction for Defendant's violation of supervised release.

I.    **Facts**

In 2022, Defendant pleaded guilty to Transmitting Threats in Interstate Communications, in violation of Title 18, United States Code, Section 875(c), in the United

States District Court for the Northern District of Illinois.  He was sentenced to 24 months in prions with three years of supervised release to follow.  In March 2023, Defendant was released to Tucson, Arizona because he had no ties in the Northern District of Illinois. (Doc. 4).  In July 2023, this Court accepted transfer of jurisdiction from the Northern District of Illinois so Defendant could serve his term of supervised release in Arizona. (Doc. 1).  Defendant's first petition to revoke supervised was filed two months later, and to his credit, Defendant admitted he violated the terms of his supervised release by drinking alcohol.  (Docs. 2 and 9).  This Court revoked supervised release, sentenced Defendant to 6 months in custody, and put him back on supervised release for 24 months.  (Doc. 15).

Defendant began his current term of supervised release when he was released from custody on June 10, 2024.  (Doc. 18).  His adjustment to supervision was initially rocky as he was unsuccessfully terminated from a halfway house and his living arrangements were inconsistent.  He lived with his mother for a few months but ended up on the street again. Defendant did have some success in maintaining sobriety for longer periods of time, but as the Supervised Release Violation Report notes, his practice of train hopping and transient lifestyle have interfered with his rehabilitation to date.

Again, to his credit, Defendant has admitted to violating the terms of his supervised release, this time by failing to report to the probation office on or about November 26, 2024 as instructed.  (Doc. 22).  The Court has accepted Defendant's admission.  (Doc. 27).

## II.     **Analysis**

The Court has a number of options at its disposal in determining the appropriate sanction for a violation of supervised release.  18 U.S.C. § 3583(e).  In exercising its discretion, the Court must first consider the factors set forth in § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

The nature and circumstances of the underlying offense, communicating a threat in interstate communications is serious.  18 U.S.C. § 3553(a)(1).  The nature of the violation pending disposition, failing to report to the probation office, is less serious than some—

but still an impediment to success on supervision.  As a preliminary matter, to be successful on supervised release, a defendant needs to, at a minimum, be able to follow simple instructions from their probation officer.  Defendant did a notable job of staying in communication with his probation officer for as long as he did considering his unstable living situation.  His failure to report to probation in November and his stated desire to terminate his term of supervised release could reasonably be interpreted as Defendant's no longer wanting to participate in his supervision.

The history and characteristics of this defendant also seem to counsel against further supervision.  For better or worse, Defendant does not appear to be concerned with establishing a traditionally stable residence or steady employment.  (Doc. 26). He also appears to be able to sustain extended periods of sobriety.  While the United States has concerns about Defendant's prognosis for long term success as a law abiding member of the community with this approach, neither the Court nor Probation can force Defendant to want to make changes to his personality.  There is no reason to believe that Defendant would realize a meaningful benefit from an additional term of supervision.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant.  18 U.S.C. § 3553(a)(2)(B).  Defendant received a custodial sentence of 6 months, the low end of the Chapter 7 Policy Statement advisory range for a first violation for someone with his criminal history (CHC IV).  A sentence just over the high end, 12 months and one day, is appropriate for a second violation where it is obvious that Defendant is not interested in further supervision.  Such a sentence will hopefully impress upon Defendant that orders of the Court are to be obeyed and respected.  The additional day will hopefully further incentivize Defendant's good conduct while in custody by making him eligible to earn good time credit.

///

///

- 3 -

1

**III.     Recommendation**

2            To his credit, Defendant has admitted violating the terms of his supervised release

3    and accepted responsibility for his conduct.  He does not appear to be a good candidate for

4    an additional term of supervision.  A custodial sentence of twelve months and one day with

5    no supervision to follow is a sufficient, but not greater than necessary, sanction for

6    Defendant's violation of supervised release.

7            Respectfully submitted this 22nd day of June, 2025.

8                                                    TIMOTHY COURCHAINE
                                                     United States Attorney
9                                                    District of Arizona

10                                                    *s/Brian E. Kasprzyk*
                                                     BRIAN E. KASPRZYK
11                                                    Assistant U.S. Attorney

12

13

14

15

16

17                              **CERTIFICATE OF SERVICE**

18

19            I hereby certify that on this same date, I electronically transmitted the attached
     document to the Clerk's office using the CM/ECF System for filing and transmittal of a
20    Notice of Electronic Filing to the following CM/ECF registrants:

21

22            Mr. James D. Rael
              Assistant Federal Public Defender
23            *Attorney for Defendant*

24

25    *s/Brian E. Kasprzyk*
      United States Attorney's Office

26

27

28
                                      - 4 -